**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 26-cv-04142-NYW

EMILIO SALAS MACIAS,

Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
GEORGE VALDEZ, in his official capacity
MARKWAYNE MULLIN, in his official capacity,
DAVID VENTURELLA, in his official capacity, and
TODD BLANCHE, in his official capacity,

Respondents.

---

# MEMORANDUM OPINION AND ORDER

---

Before the Court is the Verified Petition for Writ of Habeas Corpus ("Petition") [Doc. 1] and Petitioner-Plaintiff's Motion for Temporary Restraining Order And/Or Preliminary Injunction ("Motion") [Doc. 2], filed by Petitioner Emilio Salas Macias ("Petitioner" or "Mr. Salas Macias"). Respondents filed a consolidated Response, stating that they "are not submitting a brief in opposition to the Petition." [Doc. 10 at 1]. For the following reasons, the Petition is respectfully **GRANTED in part**, and the Motion is **DENIED as moot**.

## BACKGROUND

Petitioner is a noncitizen who has resided in the United States since 2003. [Doc. 1 at ¶ 7]. In 2013, Mr. Salas Macias was detained by ICE "after pleading guilty to a minor traffic charge," but then he was released "on his own recognizance pursuant to 8 U.S.C.

§ 1226(a)" under specific conditions. [*Id.*; Doc. 1-3 at 2, 8–9 (notifying Mr. Salas Macias that he has been released on his own recognizance "provided he compl[ies] with" a number of conditions)]. ICE also initiated § 1226(a) removal proceedings against Mr. Salas Macias and served him with a Notice to Appear ("NTA"). [Doc. 1 at ¶ 7; Doc. 1-3 at 5]. In 2017, the immigration court administratively closed those removal proceedings so that Mr. Salas Macias could pursue "an application and waiver through his U.S. citizen wife." [Doc. 1 at ¶ 7]. Mr. Salas Macias continued to report to ICE regularly. [*Id.*]. "After that application failed, ICE moved to place Mr. Salas Macias'[s] case back on the active docket"; his next hearing in the removal proceedings is scheduled for April 7, 2027. [*Id.*]. In 2025, Petitioner also was granted renewal of his employment authorization, which is valid through April of 2030. [*Id.*; Doc. 1-4 at 2].

On July 14, 2026, ICE arrested Petitioner, placing him in immigration custody, "without notice, process, changed circumstances, or a pre-deprivation hearing at an ICE check-in appointment" and without an "articul[ation] [of] any changed circumstances to justice the re-arrest." [Doc. 1 at ¶ 8]. He was provided a custody redetermination hearing on July 28, 2026, during which ICE "justified their re-detention of Mr. Salas Macias relying exclusively on traffic violations and fines [he] had incurred prior to 2012 and which ICE had considered in their determination to release him on his own recognizance on April 15, 2013." [*Id.*]. The immigration judge denied bond, stating in her written order, "Danger to the community; pattern of disregard for the law." [*Id.*; Doc. 1-2 at 2].

Petitioner asserts four claims stemming from his re-incarceration: (1) violation of his procedural due process rights under the Fifth Amendment; (2) violation of his substantive due process rights under the Fifth Amendment; (3) violation of the

Administrative Procedures Act; and (4) that Respondents are collaterally estopped from reincarcerating him "based exclusively on evidence they previously determined did not make him a danger or a flight risk." [Doc. 1 at ¶¶ 56–69 (emphasis omitted)]. Among other things, Petitioner seeks immediate release from all forms of custody. [*Id.* at 22–25].

In their Response, Respondents state that "[f]or purposes of this specific case, Respondents are not submitting a brief in opposition to the Petition." [Doc. 10 at 1]. Recognizing that the Court may grant the Petition, Respondents note that the "appropriate relief" would be to order a bond hearing, or else to release Petitioner. [*Id.* at 2].

## LEGAL STANDARDS

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

## ANALYSIS

The Court finds Petitioner's first claim dispositive and that Petitioner should be released, subject to his previous conditions of release. When faced with a procedural due process claim, courts use the factors set forth in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine "the type of process required in a given case." *L.G. v. Choate*, 744 F. Supp. 3d 1172, 1180 (D. Colo. 2024) (first quoting *Marin v. King*, 720 F. App'x 923,

940–41 (10th Cir. 2018); and then citing *J.B. v. Washington Cnty.*, 127 F.3d 919, 924 (10th Cir. 1997)); *see also Ba v. Hagan*, No. 26-cv-04047-PAB, 2026 WL 2654063, at *1 (D. Colo. Sept. 9, 2026) (analyzing similar case under the *Mathews* factors); *Hilario Yucra v. Baltazar*, No. 26-cv-03332-PAB, 2026 WL 2247748, at *1 (D. Colo. Aug. 4, 2026) (same). Under *Mathews*, the Court considers three factors to determine whether a petitioner's due process rights have been violated: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." 424 U.S. at 335.

The private interest—freedom from detention—"is the most elemental of liberty interests." *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004); *see also Zadvydas*, 533 U.S. at 690 ("Freedom from imprisonment . . . lies at the heart of the liberty that [the Due Process] Clause protects."); *Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (describing "the interest in being free from imprisonment" as "the most significant liberty interest there is"). This factor weighs in favor of Petitioner.

Relevant to the second *Mathews* factor "is the fact that [Mr. Salas Macias] was previously released on his own recognizance." *Ba*, 2026 WL 2654063, at *1. This necessarily required a finding that Petitioner was not a danger to the community or a flight risk. *See id.* (citing *Ekenge v. Baltazar*, No. 26-cv-00630-SBP, 2026 WL 617341, at *5 (D. Colo. Mar. 5, 2026)); *see also* [Doc. 1 at ¶ 2 (alleging that Respondents previously found Mr. Salas Macis "not to be a danger or flight risk and releas[ed] him under his own

recognizance")]. Respondents do not assert any changed circumstances or provide a reason for termination of Petitioner's release on his own recognizance. *See generally* [Doc. 6]. "Where respondents have provided no change in circumstances that alters the initial determination that petitioner is not a danger to the community or a flight risk, there is a significant risk of the erroneous deprivation of petitioner's liberty interest." *Hilario Yucra*, 2026 WL 2247748, at *1; *see also Ekenge*, 2026 WL 617341, at *5 (finding that the risk of erroneous deprivation was "considerable" where it "appear[ed] to be undisputed that Petitioner was previously released after it was determined he was not a danger to the community or a flight risk"); *Danierov v. Noem*, No. 2:25-cv-01215-KG-KRS, 2026 WL 45288, at *2 (D.N.M. Jan. 7, 2026) (finding "substantial" risk of erroneous deprivation where petitioner was detained without a bond hearing after two years of release, without any assessment of "whether any material facts had changed"). This factor weighs in favor of Mr. Salas Macias.

Finally, the Court considers the Government's interest, "including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335. Respondents do not address this factor or identify any fiscal or administrative burdens in play. *See* [Doc. 6]. This Court agrees with other courts concluding that "the fiscal and administrative burdens associated with evaluating whether a change in circumstance justifies [Mr. Salas Macias's] re-detention is low when compared to [his] interest in being free from the erroneous deprivation of his liberty." *Ba*, 2026 WL 2654063, at *2; *see also Ekenge*, 2026 WL 617341, at *5 ("The Government's interest in re-detaining non-citizens previously released without a hearing is low and any costs are far outweighed by the risk of

erroneous deprivation of the liberty interest at issue." (cleaned up)).

Weighing the Mathews factors, the Court finds that Petitioner's due process rights were violated. Respondents provide no argument to the contrary and have thus waived any argument in opposition. *See Mendoza Hernandez v. Baltazar*, No. 26-cv-03652 WJM, 2026 WL 2453685, at *4 (D. Colo. Aug. 21, 2026) ("Respondents have waived any arguments they might otherwise have had in response to Mendoza Hernandez's claims by expressly declining to respond to Mendoza Hernandez's claims and his arguments in support of those claims."). Indeed, Respondents do not even contend that Mr. Salas Macias is a flight risk or a danger to the community.

The Court **GRANTS** the Petition as to the first claim, that the detention of Mr. Salas Macias violates his Fifth Amendment procedural due process rights, and **ORDERS** the Petitioner be released **within 48 hours of the entry of this Order**. *See Ba*, 2026 WL 2654063, at *2 (collecting cases); *Hilario Yucra*, 2026 WL 2247748, at *2. On or before **October 28, 2026**, the Parties shall file a joint status report confirming compliance with this Order and informing the Court whether further proceedings are required. Petitioner-Plaintiff's Motion for Temporary Restraining Order And/Or Preliminary Injunction [Doc. 2] is **DENIED as moot**, as it requests substantially the same relief that the Court has already granted. *See* [Doc. 2 at 30].[1]

---

[1] To the extent Petitioner asks the Court to award him attorney's fees and litigation expenses under the Equal Access to Justice Act, [Doc. 1 at 25], this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3. Additionally, the Court finds that the need for injunctive relief, *see* [Doc. 1 at 24–25], is not "clearly established" at this time, *see Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *6 (D. Colo. Feb. 24, 2026) (quotation omitted); *Ba*, 2026 WL 2654063, at *2 n.1, and this request is therefore denied.

**CONCLUSION**

For the reasons set forth above, **IT IS ORDERED** that:

(1) The Verified Petition for a Writ of Habeas Corpus [Doc. 1] is **GRANTED in part** as set forth herein;

(2) Respondents are **ORDERED** to release Petitioner, subject to any previous conditions of release, **within 48 hours**;

(3) No later than **October 27, 2026**, the Parties **SHALL FILE** a joint status report confirming Petitioner's release; and

(4) Petitioner-Plaintiff's Motion for Temporary Restraining Order And/Or Preliminary Injunction [Doc. 2] is **DENIED as moot.**

DATED: October 21, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge